[No. 2185. Decided June 20, 1896.]

## T. W. SOULES, *Respondent,* v. GEORGE D. McLEAN, *Appellant.*

### APPEAL — JUDGMENT BELOW UPON REMAND.

Where the appellate court has held that the appellant holds certain real estate in his own name in trust for a partnership of which he was a member, and that upon payment to him of moneys advanced for its purchase, for which he was entitled to a lien thereon, the remaining property or its proceeds should be divided among the partners according to their proportionate interests, the trial court on a remand of the case has no authority to enter an order that the respondent would be entitled to a deed conveying to him a certain proportion of the trust property on his payment to appellant of respondent's proportion of the indebtedness.

Appeal from Superior Court, Skagit County.—Hon. HENRY McBRIDE, Judge. Reversed.

*Millon & Houser,* for appellant.

*Sinclair & Smith,* and *A. M. Moore,* for respondent.

The opinion of the court was delivered by

HOYT, C. J.—Upon a former appeal in this action (7 Wash. 451, 35 Pac. 364) it was held that certain property standing in the name of the defendant and appellant was held by him in trust for a partnership of which he, the plaintiff and one McKay were the individual members; that he had a lien thereon for any balance which might be found to be due him on account of moneys which he had advanced for the benefit of the partnership; that he should first be repaid the amounts so advanced, and thereafter the property remaining, or its proceeds, should be divided, one-half to himself and a quarter to each of the other partners. And the case was remanded with

instructions that an accounting ·be had for the pur-
pose ·of determining the amount of such advances,
and for the payment thereof out of the trust property,
and for the division of the remainder, or the sale of
it, and the division of the proceeds.    Thereafter such
accounting was had, from which it ·was made to
appear that there was something over $16,000 due
appellant.   Thereupon the court made an order that
upon the payment to or for the use of the appellant
of one-fourth of the amount so found to be due, re-
spondent would be entitled to a deed conveying to
him one-fourth of the trust property.

From this order and the decree entered in pursu-
ance thereof defendant has again appealed, and we
feel compelled to hold that the order and decree were
not in accordance with the directions of this court.
What this court found was that appellant had a lien
upon the entire property for the entire amount of his
advances, and not that he had a lien upon respond-
ent's one-fourth interest for one-fourth of the amount
of the advances.    It was found that the advances
were made for the benefit of the partnership and that
appellant was entitled to be reimbursed for such ad-
vances before any of the property could be released
from the lien created by the agreement of the parties.
Hence, when the court ordered that one-fourth of the
property should be released from the lien upon the
payment of one-fourth of the advances, it was not
proceeding in accordance with the opinion rendered
upon the former appeal.    As well might it be claimed
that a mortgagor having given a mortgage for a spe-
cific sum upon an entire tract would be entitled to
have the lien of the mortgage discharged as to one-
fourth of such tract by the payment of one-fourth of
the amount of the mortgage.    The lien of such a

mortgage is an entirety upon the entire property covered by it, and no part of such property can be discharged from the lien until the entire amount has been paid. Likewise was the lien for these advances an entirety and the whole property bound therefor, and the only way in which any part of it could be released from such lien would be by the payment to the appellant of the entire amount of the advances. The only way that the court can close up the affairs of the partnership is by a sale of the property. The proceeds of such sale must be first applied to the payment of the amount found due appellant. If anything is left after such payment it must be divided among the partners in accordance with their respective interests. The evidence is not such that we feel compelled to reverse any of the findings of the trial court as to the amount due appellant, or to justify us in interfering with its discretion in the appointment of a receiver.

The decree will be reversed and the cause remanded for further proceedings in accordance with the directions of the opinion rendered upon the first appeal and contained herein.

ANDERS, GORDON and DUNBAR, JJ., concur.